## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

    Plaintiff,

    v.

STATE OF MARYLAND,

    Defendant.

Civil Action No.:  ELH-21-187

### MEMORANDUM

Plaintiff Alexander Jiggetts, who is self-represented, has filed suit against the State of Maryland.  ECF 1; ECF 1-1.  Jiggetts is committed to the custody of the Maryland Department of Health and is currently confined to Spring Grove Hospital Center after having been found not competent to stand trial.  His submissions have been construed as a suit filed pursuant to 42 U.S.C. § 1983.[1]

Jiggetts states that he attempted to file lawsuits in the federal courts located in Pennsylvania and New York, because this court has become "rogue," ECF 1 at 3, but his complaints were not accepted for filing.  *Id.* at 3-4.  According to Jiggetts, he paid the Pennsylvania and New York courts $1000, and he has proof his documents were delivered by the U.S. Postal Service, yet his complaints were not accepted.  *Id*. at 4.  He seeks a monetary award to compensate him for supplies and the money he spent in attempting to file the complaints.  *Id.*

---

[1] Jiggetts has not paid the filing fee.  Nor has he moved to file in forma pauperis.  *See* 28 U.S.C. § 1915.

Plaintiff also complains that the State court in Baltimore County has refused to "move" on his actual innocence petition in connection with a 2005 conviction for burglary.  ECF 1-1 at 1.[2] He asserts that the State courts have "corrupted the Federal Courts" by stating he was living in an abandoned place on N. Calhoun Street, which was actually his "place."  *Id*. at 3.  His counsel, Walker and Associates, knew this to be a false rumor in 2013, but when he called them, they insisted the address was an abandoned property, despite the fact that Jiggetts had lived there for at least a decade.  *Id*. at 3-4.  He adds that the State court never required the State to answer his petition for a writ of actual innocence and simply dismissed the petition.  *Id*. at 4.

Jiggetts recounts other instances where he attempted to file actions in both state and federal courts, but he was not permitted to do so.  And, he claims this is a violation of his constitutional right to "petition the grievances whether you are poor or rich without a fee."  *Id*. at 7; *see id.* at 2.

Plaintiff asks that his case be referred to Judge J. Frederick Motz, and that this court grant his immediate release.  ECF 1 at 1, 4.[3]  Specifically, Jiggetts seeks vacatur of case "03K053414" in the Circuit Court for Baltimore County because the State court "cannot and won't grant [a] fair ruling in this case."  *Id*.  And, he expresses his displeasure with his lack of success in regard to cases he has filed in federal court.  *Id.* at 3.

To the extent that Jiggetts disagreed with the decisions made in cases he filed in other courts, the means by which he may challenge the validity of those rulings is by appeal.  Further, vacatur of a criminal judgment and release from confinement ordered by a State court are not

---

[2] This appears to reference a criminal matter in the Circuit Court for Baltimore County. Jiggetts was charged in 2005 and pleaded guilty on February 8, 2006, to one count of burglary. He was sentenced to ten years, with five years suspended.  *See State v. Jiggetts*, Case No. 03-K-05-003414 (Balt. Co. Cir. Ct.) at http://casesearch.courts.state.md.us/casesearch/.

[3] Judge Motz previously handled several earlier cases filed by Jiggetts.  But, he has retired from active service.

2

appropriate requests for relief in the context of a civil rights complaint.  *See Heck v. Humphrey*, 512 U.S. 477 (1994) (allegations in a § 1983 complaint that imply the invalidity of an underlying conviction are not cognizable).

Moreover, Jiggetts has not named an appropriate defendant against whom his claims are raised.  The State of Maryland is immune from suits brought in federal courts unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."   *Id*. (citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981)) (per curiam). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't Article § 12-202(a), it has not waived its immunity under the Eleventh Amendment to a suit of this kind in federal court.   "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued."  *Halderman*, 465 U.S. at 100 (emphasis in original).

Moreover, the parties with whom Jiggetts takes issue in connection with the manner in which his litigation has been handled, or the results of his criminal prosecution, are likely entitled to judicial immunity.  The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam).  Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely.  *Id*. at 11.  An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'"  *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)).  Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when

3

such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010). The decisions either to dismiss litigation filed by Jiggetts without requiring an answer, or to accept his pleadings for filing, are judicial decisions not amenable to civil damages.

Additionally, Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).

The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant*, Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." To the extent Jiggetts believes the decision to prosecute him on burglary charges was erroneous, that decision is shielded from civil liability.

4

Jiggetts has failed to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B).  Therefore, the Complaint shall be dismissed by separate Order, which follows.

<u>January 28, 2021</u>
Date

_____/s/_____
Ellen L. Hollander
United States District Judge